SCHULTE, APPELLANT, *v.* SCHULTE, APPELLEE.

[Cite as *Schulte v. Schulte* (1994), 71 Ohio St.3d 41.]

(Nos. 93–1588 and 93–1745—Submitted September 21, 1994—Decided November 30, 1994.)

42

---

*Joyce E. Barrett,* for appellant.

*James E. Hitchcock,* for appellee.

---

WRIGHT, J. The first issue the court must address is whether the trial court used the correct standard to determine that Elizabeth was not competent to testify under Evid. R. 601(A). Evid. R. 601 provides: "Every person is competent to be a witness except: (A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly."

This court recently has clarified what a trial court must consider in making a competency determination under Evid. R. 601(A): "In determining whether a child under ten is competent to testify, the trial court must take into consideration (1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful." *State v. Frazier* (1991), 61 Ohio St.3d 247, 574 N.E.2d 483, syllabus. The Rules of Evidence, subject to certain exceptions not applicable here, apply equally to both criminal and civil matters. Evid. R. 101(A). Consequently, even though *Frazier* involved a determination of competency in the criminal context, the interpretation we made in *Frazier* applies with equal weight to the use of the rule in the civil context.

A trial court is not required, while making a competency determination, to make express findings on the considerations outlined in *Frazier.* Such a requirement would unduly burden our trial courts with unnecessary formality. Instead, the trial court is merely required to *consider* the *Frazier* factors while making the competency determination.

The *Frazier* factors play a slightly different role in the hands of a court reviewing a competency determination. As we noted in *Frazier,* the determination of competency is within the sound discretion of the trial judge. 61 Ohio St.3d at 251, 574 N.E.2d at 486–487. See, also, *State v. Boston* (1989), 46 Ohio St.3d 108, 115, 545 N.E.2d 1220, 1228. The *Frazier* factors form the backdrop against which a reviewing court evaluates whether the trial judge's determination was an abuse of discretion.

A review of the competency hearing transcript in this case leads us to the conclusion that the trial judge did not abuse his discretion in finding Elizabeth incompetent to testify. At the time of the hearing, Elizabeth was four years old. During the hearing, Elizabeth showed a basic awareness of her familial surroundings by stating her name and age, as well as the names of her sister and parents. However, she was very unclear with respect to the facts surrounding the alleged sexual abuse. She stated that while helping her bathe, her father "put his thing in my butt." When asked whether she ever told anyone about the incident, she responded, "They just knew." When asked whether she was in pain as a result of the alleged incident, Elizabeth became very distracted. She answered unresponsively by stating that her father "hit" her. When asked when the "hitting" occurred, Elizabeth stated, "[s]ome other time." The trial judge also asked, "Did your mommy tell you to come and tell me this today?" Elizabeth responded, "Yes." When asked when her mother told her this, she answered, "[n]ever." When asked why she now said that her mother did not tell her to come to the hearing, Elizabeth would only state, " '[c]ause."

A review of the hearing transcript as a whole, in light of the *Frazier* factors, supports the trial judge's finding that Elizabeth was not competent to testify. Her significant confusion regarding the most basic facts of the alleged incident in the bathtub supports a finding that she was unable to observe and recollect accurate impressions of the facts regarding the alleged abuse. Additionally, the fact that she was very distracted and uncertain during the hearing supports a finding that she was not capable of accurately communicating what she believed she observed. Finally, the last portion of the competency hearing cited above certainly calls into question her understanding of truth and falsity and her appreciation of her responsibility to be truthful. Consequently, we hold that the trial court did not abuse its discretion in finding Elizabeth incompetent to testify.

The second issue we must address is whether the trial court acted properly in dividing the marital property. Specifically, the issue on appeal is whether the trial court erred in not following the requirements of R.C. 3105.171.

Am.Sub.H.B. No. 514, which split the former R.C. 3105.18 into the new R.C. 3105.18 and 3105.171, became effective on January 1, 1991. (143 Ohio Laws, Part III, 5516.) The appellant filed her complaint for divorce on July 21, 1989. The appellant urges this court to find that R.C. 3105.171 should be applied retroactively to divorce cases filed before the effective date of the statute. We act today to resolve the conflict between the several courts of appeals that have confronted this question.

In order for a statute to be applied retroactively, a court must find that the General Assembly intended the statute to apply retroactively and that retroactive application of the statute is constitutional under Section 28, Article II of the Ohio

Constitution. *Warren Cty. Bd. of Commrs. v. Lebanon* (1989), 43 Ohio St.3d 188, 189, 540 N.E.2d 242, 244. See, also, *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 106, 522 N.E.2d 489, 495–496. In this case, we need go no further than considering the intent of the General Assembly.

R.C. 1.48 creates a presumption that a statute is to be applied prospectively unless the General Assembly expressly makes the statute retroactive. In this case, there is no language in the statute that supports the conclusion that the General Assembly intended R.C. 3105.171 to apply retroactively. Consequently, we hold that R.C. 3105.171 applies prospectively only to those divorce cases filed after its effective date, January 1, 1991. This ends our inquiry. We need not reach the constitutional question.

The judgment of the court of appeals on the two issues appealed herein is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, GREY, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS, J., concurs in part and dissents in part.

LAWRENCE GREY, J., of the Fourth Appellate District, sitting for RESNICK, J.

DOUGLAS, J., concurring in part and dissenting in part. I concur with the majority opinion in its syllabus holding. I do not agree that the judgment of the court of appeals should be affirmed. Rather, I would affirm the judgment of the court of appeals in part and reverse that judgment in part. I would reinstate the judgment of the trial court in its entirety, except for its determination of child support.