OPINIONS OF THE SUPREME COURT OF OHIO
**** SUBJECT TO FURTHER EDITING ****

The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.

Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio. Attention: Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public. The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

The State of Ohio, Appellant and Cross-Appellee, v. Said,
Appellee and Cross-Appellant.
[Cite as State v. Said (1994),      Ohio St.3d     .]
Criminal law -- Evidence -- Hearing to determine competency of
    potential child witness under Evid.R. 601 must be recorded
    pursuant to Crim.R. 22.
A hearing to determine the competency of a potential child
    witness under Evid.R. 601 must be recorded pursuant
    to Crim.R. 22.
    (No. 93-1085 -- Submitted October 25, 1994 -- Decided
December 30, 1994.)
    Appeal from the Court of Appeals for Lake County, No.
92-L-018.

This case involves the alleged sexual molestation of two
young girls by their paternal grandfather, the appellee-
defendant, Joseph Said. At the time of trial, the older
granddaughter, who is the appellee's step-granddaughter, was
fifteen years old and the younger girl was five years old.

The allegations of sexual abuse came after the older girl
reported to her mother that she had witnessed her younger
sister masturbating. The mother asked her younger daughter
about what her older sister had said, and her daughter
responded "grandpa used to do that to [me] all the time." The
mother then spoke again with the older daughter, who stated
that the appellee had similarly touched her. Both the police
and the Lake County Department of Human Services, Division of
Childrens' Services were contacted. During an interview with a
sexual abuse investigator for childrens' services and her
trainee, the younger daughter again stated that her grandfather
had improperly touched her.

The appellee was indicted on seven counts of gross sexual
imposition in violation of R.C. 2907.05. Six counts alleged
improper conduct with the older granddaughter, and one count
alleged improper conduct with the younger granddaughter.

Before trial, the court held a hearing to determine

whether the five-year-old girl was competent under Evid.R. 601. The hearing was not recorded. However, it appears from a review of the trial transcript that the trial court found the five-year-old girl competent.

The five-year-old girl refused to testify at trial, even after prompting by the judge, the bailiff, the prosecutor and a licensed professional counselor involved in the police investigation. The trial court held a hearing to determine whether the five-year-old girl's statements regarding the alleged sexual abuse could be admitted pursuant to Evid.R. 807, the new hearsay exception which relates to statements of children in cases of physical or sexual abuse. After an extensive hearing, the trial court found that the requirements of Evid.R. 807 were met, and allowed her mother and the sexual-abuse investigator to testify as to statements the child made to each of them individually.

The jury found the appellee not guilty on five counts and guilty on two counts, with one count relating to each granddaughter.

The appellee appealed his conviction alleging, inter alia, that the trial court failed to comply with the requirements of Evid.R. 807. The court of appeals reversed the appellee's conviction on both counts and remanded the cause for a new trial. The court of appeals held that the licensed professional counselor could not qualify as a "trusted" person, and therefore the "not reasonably obtainable" requirement was not met. Additionally, the court of appeals held that the evidence the five-year-old masturbated did not meet the "independent proof of the sexual act" requirement of Evid.R. 807.

The state appealed the appellate court's reversal of the convictions. The defendant appealed the court of appeals' determination that the other elements of Evid.R. 807 had been met.

The cause is now before this court pursuant to the allowance of a motion and cross-motion for leave to appeal.

Steven C. LaTourette, Lake County Prosecuting Attorney, Michael D. Murray and Ariana E. Tarighati, Assistant Prosecuting Attorneys, for appellant and cross-appellee.
Paul H. Hentemann, for appellee and cross-appellant.
David H. Bodiker, State Public Defender, Randy D. Ashburn and John B. Heasley, Assistant Public Defenders; and Cynthia S. Sander, urging affirmance for amicus curiae, Office of Ohio Public Defender.

Wright, J. The parties and the court of appeals have focused on whether the facts of this case satisfy the particular requirements of Evid.R. 807. We do not reach those issues, because two fundamental errors preclude a proper review of the application of that rule in this case.

I

The trial court erred when it failed to record the competency hearing of the five-year-old granddaughter. Crim.R. 22 clearly provides: "In serious offense cases all proceedings shall be recorded." (Emphasis added.) Although "proceeding" is not defined under Crim.R. 22, it is generally defined as

"[a]ll the steps or measures adopted in the prosecution of an action *** [including] any act done by authority of the court of law and every step required to be taken in any cause by either party."  Black's Law Dictionary (6 Ed. 1990) 1204.  A hearing held for the purpose of determining the competency of a potential witness surely falls within the above definition.  Therefore, we hold that a hearing to determine the competency of a potential child witness under Evid.R. 601 must be recorded pursuant to Crim.R. 22.  For the reasons stated below, failure to record a competency hearing of a potential child witness constitutes reversible error.

A competency hearing was required in this case.  Even though the five-year-old granddaughter did not directly testify, her out-of-court statements were admitted through the testimony of her mother and a sexual-abuse investigator.  As Professor Wigmore explains, hearsay statements must meet the same basic requirements for admissibility as live witness testimony: "The admission of hearsay statements, by way of exception to the rule, therefore presupposes that the asserter possessed the qualifications of a witness *** in regard to knowledge and the like."  (Emphasis sic.) (Citation omitted.) 5 Wigmore on Evidence (Chadbourn Rev. 1974) 255, Section 1424 Competency is one of the few qualifications required of a witness.  Evid.R. 601.  See, also, State v. Boston (1989), 46 Ohio St.3d 108, 114, 545 N.E.2d 1220, 1228.

Evid.R. 601(A) provides that: "Every person is competent to be a witness except: (A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly."  This rule requires that a competency hearing will be conducted with regard to children under ten years of age.

A competency hearing is an indispensable tool in this and similar cases.  A court cannot determine the competency of a child through consideration of the child's out-of-court statements standing alone.  As we explained in State v. Wilson (1952), 156 Ohio St. 525, 46 O.O. 437, 103 N.E.2d 552, the essential questions of competency can be answered only through an in-person hearing: "The child's appearance, fear or composure, general demeanor and manner of answering, and any indication of coaching or instruction as to answers to be given are as significant as the words used in answering during the examination, to determine competency. ***

"Such important and necessary observations cannot be made unless the child appears personally before the court."  Id. at 532, 46 O.O. at 440, 103 N.E.2d at 556.

Evid.R. 807 clearly does not dispose of the need to find a child competent.  Competency under Evid. R. 601(A) contemplates several characteristics.  See State v. Frazier (1991), 61 Ohio St.3d 247, 251, 574 N.E.2d 483, 487, certiorari denied, U.S.    , 112 S.Ct. 1488, 117 L.Ed.2d 629.  Those characteristics can be broken down into three elements.  First, the individual must have the ability to receive accurate impressions of fact.  Second, the individual must be able to accurately recollect those impressions.  Third, the individual must be able to relate those impressions truthfully.  See, generally, 2 Wigmore on Evidence (Chadbourn Rev. 1979) 712-713,

Section 506.

Out-of-court statements that fall within Evid.R. 807, like the other hearsay exceptions, possess a "circumstantial probability of trustworthiness." Cf. 5 Wigmore, supra, at 253, Section 1422. In other words, under unique circumstances we make a qualified assumption that the declarant related what she believed to be true at the time she made the statement. However, those same circumstances do not allow us to assume that the declarant accurately received and recollected the information contained in the statement.[1] Whether she accurately received and recollected that information depends upon a different set of circumstances, those covering the time from when she received the information to when she related it. As a result, even though a statement falls within a hearsay exception, two elements of the declarant's competency remain at issue and must still be established. Thus, a trial court must find that a declarant under the age of ten was competent at the time she made the statement in order to admit that statement under Evid.R. 807. See Boston, supra, at 114, 545 N.E.2d at 1228; Schulte v. Schulte (1994), 71 Ohio St.3d 41, 42, N.E.2d      ,      , fn. 1.

## II

The trial court also erred when it failed to make the findings required by Evid.R. 807 before admitting the five-year-old's statements under that rule. Evid.R. 807(C) expressly requires that a trial court "shall make the findings required by this rule on the basis of a hearing conducted outside the presence of the jury and shall make findings of fact, on the record, as to the bases for its ruling."

By its own terms, Evid.R. 807 provides what a trial court must find on the record. First, a trial court must find "that the totality of the circumstances surrounding the making of the statement provides particularized guarantees of trustworthiness ***." Evid.R. 807(A)(1). Second, a trial court must find that "[t]he child's testimony is not reasonably obtainable by the proponent of the statement." Evid.R. 807(A)(2). Third, a trial court must find "independent proof of the sexual act or act of physical violence." Evid.R. 807(A)(3). Finally, a trial court must find that the proponent of the statement fulfilled the notice requirements under Evid.R. 807(A)(4). Evid.R. 807(C) also requires a trial court to make findings of fact to support each of the general findings.

The trial court in this case failed to make three of the findings required by Evid.R. 807(C). Before the hearing, the trial court made and explained its finding that the child's testimony was "not reasonably obtainable." The court discussed the circumstances surrounding the child refusing to testify. However, the court failed to make a finding of fact that any of the individuals who urged the girl to testify qualified as a person "trusted by the child." Evid.R. 807(B)(1). The only other findings by the trial court were made at the close of the Evid.R. 807 hearing, when the trial court merely stated:

"Very well. The court finds that the testimony of the child may be given by another party.

"The elements of the statute, in the court's view, have been met, and the court finds that the child is without the ability to testify, and therefore, her testimony may be

substituted."

Findings in the form of skeletal conclusions are inadequate under Evid.R. 807, as they fail to meet the express requirements of the rule and they preclude a reviewing court from adequately reviewing the application of the rule to the particular facts of the case.

For the foregoing reasons, we affirm the judgment of the court of appeals.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas and Pfeifer, JJ., concur.

Resnick, J., concurs in part and dissents in part.

F.E. Sweeney, J., dissents.

FOOTNOTES:

1  As we noted in State v. Wallace (1988), 37 Ohio St.3d 87, 94-95, 524 N.E.2d 466, 473, the circumstances involving an excited utterance make that exception sui generis with respect to requiring competency of a child declarant.  See, also, Boston, supra, at 114, 545 N.E.2d at 1228 fn. 1.
State v. Said.

Alice Robie Resnick, J., concurring in part and dissenting in part.  Because I believe the majority engages in an erroneous discussion of the requirements of Evid. R. 807, I concur only with the majority's conclusion that the trial court was required to record the competency hearing.  I disagree, however, with the majority's conclusions that a competency hearing was required in this case, and that the trial court failed to make specific findings of fact as required by Evid. R. 807(C).

I

The majority first considers whether the trial court was obligated to record the competency hearing it conducted in connection with the five-year-old victim.  The terms of Crim. R. 22 clearly require all proceedings to be recorded.  I agree that a competency hearing falls well within the definition of "proceeding" as contemplated by Crim. R. 22.  I respectfully disagree, however, with the majority's conclusion that a competency hearing was required in this case.

The provisions of Evid. R. 807(A) require that four elements be established in order to admit the out-of-court statements of a child under the age of twelve as they relate to sexual or physical abuse.  The first prerequisite of admissibility set forth in Evid. R. 807(A)(1) is that:

"The court [find] that the totality of the circumstances surrounding the making of the statement provides particularized guarantees of trustworthiness ***.  In making its determination of the reliability of the statement, the court shall consider all of the circumstances surrounding the making of the statement, including but not limited to spontaneity, the internal consistency of the statement, the mental state of the child, the child's motive or lack of motive to fabricate, the child's use of terminology unexpected of a child of similar age, the means by which the statement was elicited, and the lapse of time between the act and the statement. ***"

Given the specifications of Evid. R. 807(A)(1), a trial judge is clearly obligated to consider all attendant circumstances to the making of the out-of-court statement.

Everything and anything that could have impacted the child's likelihood to speak the truth should be considered.  The majority reads into this provision a requirement that the trial judge conduct a competency hearing in order to determine if the child declarant was competent, as defined by State v. Frazier (1991), 61 Ohio St.3d 247, 574 N.E.2d 483, certiorari denied, (1992), U.S.    , 112 S.Ct. 1488, 117 L.Ed.2d 629, at the time he or she made the statement.  That position exceeds the boundaries of Evid. R. 807.

Under the various hearsay exceptions, selected out-of-court statements are deemed to possess certain indicia of reliability which warrant their admissibility into evidence regardless of whether the declarant will testify during trial.  Evid. R. 803 and 804.  In State v. Wallace (1988), 37 Ohio St.3d 87, 524 N.E.2d 466, for example, we considered the out-of-court statements of a five-year-old declarant as they fell under the excited-utterance exception to the hearsay rule, Evid. R. 803(2).  With respect to the child declarant's competency, we considered the requirements of telling the truth and recalling events accurately:

"These requirements are not relevant to the admissibility of an excited utterance because an excited utterance is made while the declarant is dominated by the excitement of the event and before there is opportunity to reflect and fabricate statements relating to the event.  The trustworthiness of the declaration (as being what the declarant actually believes to be true) derives from the lack of opportunity to fabricate, not the moral character or maturity of the declarant.  Similarly, the declarant's ability to recall is not an issue because of the requirement that the declaration be contemporaneous with its exciting cause or made while that cause dominates the declarant's thoughts.  The credibility and weight of the declarations will, or course, still be judged by the fact-finder."  Id. at 95, 524 N.E.2d 473.

The provisions in Evid. R. 807(A)(1) offer similar guarantees of trustworthiness which, if established, eliminate the need for specifically finding the child declarant was competent at the time he or she made the statement.  As stated above, the trial judge must consider, inter alia, the spontaneity of the statement, the use of age-inappropriate terminology, and the contemporaneous nature of the statement.  All these considerations enable a trial judge, in the exercise of his or her sound discretion, to conclude whether the totality of circumstances warrant a finding of trustworthiness and, therefore, admissibility of the statement.  A competency hearing simply is not required by the plain terms of Evid. R. 807(A).

The effect of instituting the majority's position that a competency hearing is required prior to admitting a statement under Evid. R. 807 will be to preclude the admission of otherwise qualified out-of-court statements into evidence.  For example, in those situations where the abused victim falls into a coma or dies at some point after making statements to a parent or therapist concerning the source of his or her abuse, the statements would not be admissible given the child's inability to attend a competency hearing.  That result surely defeats the obvious purpose for which Evid. R. 807 was

adopted.  The example need not be so dramatic.  What of the child anticipated by Evid. R. 807(B)(1) who refuses to testify concerning the out-of-court statements when called to the stand?  The fact that the child is frightened by the courtroom proceedings, as occurred in the case at bar, sheds no light on the "guarantees of trustworthiness" contemplated by Evid. R. 807(A)(1).

For these reasons, I would find that a trial court is not required to hold a competency hearing in order to admit an out-of-court statement under the hearsay exception for statements regarding child abuse.  However, as stated above, when the trial judge decides to hold a competency hearing, he or she is required to record the proceeding as prescribed by Crim. R. 22.  The failure to do so constitutes reversible error.

## II

I disagree with the majority's conclusion that the trial court failed to make the findings required by Evid. R. 807(C).  Ideally, a trial judge will state at the conclusion of an Evid. R. 807 hearing that each of the four prerequisites to admissibility has been satisfied and then specifically delineate the evidence offered to support each factor.  The realities of courtroom procedure, however, may cause a trial judge to state his or her conclusions at various stages throughout the hearing.  This reality, which occurred in this case, does not preclude a finding that a trial judge has complied with the requirements of Evid. R. 807(C).

The record reveals that during the course of the evidentiary hearing, the trial judge stated that the child's testimony was not reasonably obtainable, as required by Evid. R. 807(A)(2), given her repeated refusal to speak once she was called to the stand.  The record further indicates that in the middle of the hearing the court determined that Peggy Taylor, a licensed sexual abuse counselor who had attempted to coax the girl to speak on the stand, qualified as a "person trusted by the child," as required by Evid. R. 807(B)(1), given the rapport she likely developed with the child during their counseling sessions.  The record additionally demonstrates that the trial judge believed that the testimony of the older daughter was sufficient to qualify as "some independent evidence that a sexual act was perpetrated ***," thereby satisfying the requirement of Evid. R. 807(A)(3).  Finally, at the conclusion of the hearing, the trial judge indicated that the totality of the evidence presented during the hearing warranted a finding that the elements had been met and, therefore, that the hearsay statement would be admissible.  Appellee did not object to any of the court's findings until the end of the hearing, at which point he raised a blanket objection to the court's finding of admissibility under Evid. R. 807.

After reviewing the record in this case, I believe that the evidence supports a finding that the trial court satisfied the requirements of Evid. R. 807(C).  The trial judge acted well within the bounds of his discretion when he decided to admit the victim's statements, and thus, this decision should not have been reversed on appeal.  Therefore, I would reverse the judgment of the court of appeals on this issue.

## III

For all the foregoing reasons, I would affirm the judgment of the court of appeals with respect to its conclusion that the competency hearing held in this case should have been recorded. I would reverse the court of appeals, however, as to its determination that the trial judge failed to make the findings required by Evid. R. 807(C).

Francis E. Sweeney, Sr., J., dissenting. I respectfully dissent from the majority's affirmance of the court of appeals' decision because (1) I do not believe that the failure to record the competency hearing was reversible error, and (2) I believe that the requirements of Evid.R. 807 have been met. Accordingly, I would reverse the decision of the court of appeals.

The majority, sua sponte, holds that the failure to record the Evid.R. 601 hearing to determine the child's competency to testify at the time of trial was reversible error. However, whether the child was competent to testify at the time of trial is irrelevant in this case, as the child ultimately refused to testify at trial.

The only issue here is whether the child was competent at the time she made the out-of-court statements that were admitted under Evid.R. 807. The majority itself states, "Thus, a trial court must find that a declarant under the age of ten was competent at the time she made the statement in order to admit that statement under Evid.R. 807. See Boston, supra, at 114, 545 N.E.2d at 1228; Schulte v. Schulte (1994), 71 Ohio St.3d 41, 42, 641 N.E.2d 719, 720, fn. 1." This competency determination was not made in the Evid.R. 601 hearing but, rather, in the separate Evid.R. 807 hearing. Therefore, I do not believe that the failure to record the Evid.R. 601 hearing constitutes reversible error.

I also disagree with the majority's contention that the trial court's findings made pursuant to Evid.R. 807 are no more than "skeletal conclusions." The record demonstrates that the trial court discussed at some length its reasons for finding that the requirements of Evid.R. 807 had been met. This discussion included the trial court's finding that the testimony of the older daughter, Lori Pugh, was some independent evidence of the sexual act as required by Evid.R. 807(A)(3). Also, the trial court found that the counselor who urged the child to testify had a rapport with the child and had been working with the child. This discussion obviously supported the trial court's conclusion that the child had been urged to testify by someone "trusted by the child," as required by Evid.R. 807(B)(1). Therefore, I believe that the findings of fact made by the trial court satisfy the requirements of Evid.R. 807.

I will now address the issues which form the basis of the court of appeals' reversal of appellee's conviction in this case; i.e., whether the child had been urged to testify by someone "trusted by the child" as required by Evid.R. 807(B)(1) and whether evidence that the five-year-old masturbated met the requirement of Evid.R. 807(A)(3) of "independent proof of the sexual act."

Evid.R. 807(B)(1) requires a finding that a child's testimony is unavailable if the child refuses to testify after "a person trusted by the child" urges the child to testify in

the presence of the court.  In the present case, the child's mother was unable to urge the child to testify as she was under a court order for separation of witnesses.  However, a licensed professional counselor urged the child witness to testify and this counselor had spent considerable time with the child. Based on this evidence, the trial court, in its discretion, found that the counselor was a person trusted by the child. The court of appeals, after noting that the mother was unavailable, stated that it questioned "whether a person trusted by the child ever urged her to testify."  I disagree. Evid.R. 807(B)(1) does not specify that the person who urges the child to testify must be a parent or relative, as the court of appeals appears to suggest.  Accordingly, upon a review of the evidence, I believe the trial court did not abuse its discretion in finding that the counselor was a person trusted by the child.

The court of appeals also found that there was no "independent proof of the sexual act" as required by Evid.R. 807(A)(3).  The court, while admitting that "excessive masturbation" by the child declarant would be independent evidence of the sexual act, found that excessive masturbation had not been shown.  Experts had defined this as the child's continuation of masturbation in public after it had been explained to the child that that behavior was inappropriate. The court of appeals noted that there was no evidence that the child victim had ever been told to discontinue the masturbation by the mother.  Thus, the court of appeals concluded that the state failed to establish "excessive masturbation."  However, the older daughter, during direct examination, testified that she had told her sister not to continue masturbation.  This testimony is some evidence to support a finding that the child had engaged in excessive masturbation.  Therefore, I believe that the trial court did not abuse its discretion in finding that the state had satisfied the independent-proof requirement of Evid.R. 807.

In conclusion, I believe that the decision of the court of appeals should be reversed and, accordingly, the appellee's conviction should be affirmed.