Francis E. Sweeney, Sr., J.,
dissenting. I respectfully dissent from the majority’s affirmance of the court of appeals’ decision because (1) I do not believe that the failure to record the competency hearing was reversible error, and (2) I believe that the requirements of Evid.R. 807 have been met. Accordingly, I would reverse the decision of the court of appeals.
The majority, sua sponte, holds that the failure to record the Evid.R. 601 hearing to determine the child’s competency to testify at the time of trial was reversible error. However, whether the child was competent to testify at the time of trial is irrelevant in this case, as the child ultimately refused to testify at trial.
The only issue here is whether the child was competent at the time she made the out-of-court statements that were admitted under Evid.R. 807. The majority itself states, “Thus, a trial court must find that a declarant under the age of ten was competent at the time she made the statement in order to admit that statement under Evid.R. 807. See Boston, supra, 46 Ohio St.3d at 114, 545 N.E.2d at 1228; Schulte v. Schulte (1994), 71 Ohio St.3d 41, 42, 641 N.E.2d 719, *482 720, fn. 1.” This competency determination was not made in the Evid.R. 601 hearing but, rather, in the separate Evid.R. 807 hearing. Therefore, I do not believe that the failure to record the Evid.R. 601 hearing constitutes reversible error.
I also disagree with the majority’s contention that the trial court’s findings made pursuant to Evid.R. 807 are no more than “skeletal conclusions.” The record demonstrates that the trial court discussed at some length its reasons for finding that the requirements of Evid.R. 807 had been met. This discussion included the trial court’s finding that the testimony of the older daughter, Lori Pugh, was some independent evidence of the sexual act as required by Evid.R. 807(A)(3). Also, the trial court found that the counselor who urged the child to testify had a rapport with the child and had been working with the child. This discussion obviously supported the trial court’s conclusion that the child had been urged to testify by someone “trusted by the child,” as required by Evid.R. 807(B)(1). Therefore, I believe that the findings of fact made by the trial court satisfy the requirements of Evid.R. 807.
I will now address the issues which form the basis of the court of appeals’ reversal of appellee’s conviction in this case, ie., whether the child had been urged to testify by someone “trusted by the child” as required by Evid.R. 807(B)(1) and whether evidence that the five year old masturbated met the requirement of Evid.R. 807(A)(3) of “independent proof of the sexual act.”
Evid.R. 807(B)(1) requires a finding that a child’s testimony is unavailable if the child refuses to testify after “a person trusted by the child” urges the child to testify in the presence of the court. In the present case, the child’s mother was unable to urge the child to testify, as she was under a court order for separation of witnesses. However, a licensed professional counselor urged the child witness to testify and this counselor had spent considerable time with the child. Based on this evidence, the trial court, in its discretion, found that the counselor was a person trusted by the child. The court of appeals, after noting that the mother was unavailable, stated that it questioned “whether a person trusted by the child ever urged her to testify.” I disagree. Evid.R. 807(B)(1) does not specify that the person who urges the child to testify must be a parent or relative, as the court of appeals appears to suggest. Accordingly, upon a review of the evidence, I believe the trial court did not abuse its discretion in finding that the counselor was a person trusted by the child.
The court of appeals also found that there was no “independent proof of the sexual act” as required by Evid.R. 807(A)(3). The court, while admitting that “excessive masturbation” by the child declarant would be independent evidence of the sexual act, found that excessive masturbation had not been shown. Experts had defined this as the child’s continuation of masturbation in public after it had *483 been explained to the child that that behavior was inappropriate. The court of appeals noted that there was no evidence that the child victim had ever been told to discontinue the masturbation by the mother. Thus, the court of appeals concluded that the state failed to establish “excessive masturbation.” However, the older daughter, during direct examination, testified that she had told her sister not to continue masturbation. This testimony is some evidence to support a finding that the child had engaged in excessive masturbation. Therefore, I believe that the trial court did not abuse its discretion in finding that the state had satisfied the independent-proof requirement of Evid.R. 807.
In conclusion, I believe that the decision of the court of appeals should be reversed and, accordingly, the appellee’s conviction should be affirmed.