OPINION
The defendant-appellant, Robert P. Barney ("appellant"), appeals from the judgment of the Seneca County Court of Common Pleas finding him guilty of various crimes involving minors. Specifically, the appellant challenges various rulings made by the trial court during the course of the proceedings, including the jury instructions given, the ruling permitting a minor to testify, the denial of his Crim.R. 29 motion, and the denial of his motion to suppress. Additionally, the appellant contends that the verdict returned by the jury is against the manifest weight of the evidence. For the following reasons, we affirm the judgment of the trial court in part and reverse in part.
The pertinent facts and procedural history in this matter are as follows. On May 24, 2000, the appellant was indicted on two counts of illegal use of a minor in nudity-oriented material or performance, in violation of R.C. 2907.323(A)(1) and (A)(3), a felony in the second degree; gross sexual imposition, in violation of R.C. 2907.05(A)(4), a felony in the third degree; disseminating matter harmful to minors, in violation of R.C. 2907.31(A)(1), a felony in the fourth degree; and endangering children, in violation of R.C. 2919.22(B)(5) and (E)(4), a felony in the second degree.
The above charges stemmed from allegations that the appellant made a videotape on which a thirteen year old girl was seen drinking beer and rubbing the can of beer between her legs and exposing her breasts. The appellant's five-year old son was also seen on the videotape touching the girl's breasts. On November 23, 1999, two police detectives went to the appellant's home to inform him of the allegations that had been made against him. The appellant denied the allegations and handed over nine homemade videotapes for the detectives to view. One of these tapes contained a conversation between the appellant, his wife, Kristy Barney, and a friend Linda Spohn. The conversation mentioned the tape of the minor in question. This tape was played for the jury at the trial.
Later that same day, the appellant, on his own accord, went to the police station and voluntarily gave a statement to the detectives. The appellant admitted that the girl had lifted her shirt, but claimed that he did not tell her to do so. He claimed that she wanted to have sex with him, but he was not attracted to her. He also claimed that he did not tell his son to touch her breast, and even told him to get away, but his son did in fact touch her breast. The appellant's statement was recorded and the tape was also played for the jury at the trial.
The detectives then interviewed several people concerning the tape and discovered several people had seen the tape. The following people gave statements to the police and testified accordingly at trial. Linda Spohn, a friend of the appellant's, said she walked in on the appellant watching a videotape of a young girl drinking a beer, rubbing it between her legs, exposing her breasts, and the appellant's son touching the girl's breasts. She claimed that the tape had audio and that the appellant could be heard telling his son to "go and pinch Nickie's breasts." Spohn told the police that the tape had been taped over by the appellant's wife.
The appellant's wife, Kristy Barney, was questioned by the police and testified at trial. She stated that she was not present at the time the tape was made, but when she returned home, her husband showed her the tape. She watched the video two times and stated that the girl was wearing a bra and her son only touched the bra, that the girl was drinking beer and did rub the can between her legs. Mrs. Barney said the microphone on the camera did not work so there was no audio and she admits that she taped over the video.
The thirteen-year old victim, Nickie, was also interviewed by the police and testified at trial. When questioned by the police, initially she denied exposing herself. However, on another occasion she admitted to drinking three beers provided to her by the appellant. She said the appellant had her watch a "dirty movie" of a boy and a girl "doing it," while he set up his camera equipment. She said the appellant taped her rubbing the beer can between her legs and exposing her breasts. She said she decided to expose herself on her own, but that the appellant directed his son to come and touch her breasts. She also claimed that after he was done taping her, the appellant exposed his penis to her.
The appellant's five-year old son, Robert Barney, Jr., also testified at trial. He testified to touching Nickie's "boobs" and that his daddy made Nickie show her "boobs."
On June 22, 2000, the appellant filed a motion to suppress evidence. The appellant asserted that the seizure of the videotapes by the police was unconstitutional and improper because the appellant's actions in letting the police into his house and turning over the tapes were not voluntary due to his mental impairment and the officers failure to advise him of his rights. A hearing was held on the motion to suppress on July 25, 2000. At the conclusion of the hearing, the trial court found the appellant's allegations unfounded and denied the motion to suppress.
A jury trial was held in this matter on October 1 and 2, 2000 at the conclusion of which the appellant was found guilty of all charges. It is from these judgments that the appellant now appeals, asserting five assignments of error.
 Assignment of Error Number 1
The trial court erred in improperly instructing the jury as to the elements of the offense of count three of the indictment, gross sexual imposition.
In his first assignment of error, the appellant challenges the jury instruction given by the trial court on the offense of gross sexual imposition. Specifically, the appellant contends that the instruction given failed to reflect the charge set forth in the indictment. For the following reasons, we agree.
On appeal, a party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds for objection. Crim.R. 30(A); State v. Daisy (Feb. 3, 2000), Hardin App. No. 6-99-77, unreported. It is well established by the courts of this state that a failure to object before the jury retires in accordance with the second paragraph of Crim.R. 30(A), absent plain error, constitutes waiver. State v. Williford (1990), 49 Ohio St.3d 247. A thorough review of the record in this matter reveals that the appellant never formally objected to the jury instructions given by the trial court.
However, the Supreme Court of Ohio has held that where the record affirmatively shows that a trial court has been fully apprised of the correct law governing a material issue in dispute, and that the complaining party has unsuccessfully requested the inclusion of that law in the trial court's charge to the jury, that party does not waive his objection to the charge as actually given by the trial court. Presleyv. Norwood (1973), 36 Ohio St.2d 29; Krischbaum v. Dillon (1991),58 Ohio St.3d 58. The record reveals that the appellant submitted proposed jury instructions, containing correct statements of law, to the trial court on June 19, 2000. The trial court did not include the instruction requested by the appellant in the charge ultimately given to the jury. Accordingly, under the holding in Presly, the appellant's submission of a correct instruction is adequate to preserve his objection for appeal.
Count 3 of the indictment charged the appellant with gross sexual imposition, in violation of R.C 2907.05(A)(4). The indictment read as follows:
 Sometime during the month of August or September, 1999, in Seneca County, Ohio ROBERT P. BARNEY, did have sexual contact with Jane Doe, not the spouse of the said Robert P. Barney, and the said Jane Doe being less than thirteen (13) years of age, whether or not the said Robert P. Barney knows the age of Jane Doe.
The jury instruction given by the trial court at the conclusion of the trial read as follows:
 Count three. Gross Sexual Imposition. The defendant is charged with Gross Sexual Imposition. Before you can find the defendant guilty you must find beyond a reasonable doubt that, sometime during the months of August or September 1999, in Seneca County, Ohio, Robert P. Barney, Jr., did have sexual contact with Nicole Smith, not the spouse of said Robert P. Barney, Jr., and the said Nicole Smith being less than 13 years of age, whether or not the said Robert P. Barney, Jr. knows the age of Nicole Smith. (emphasis added).
The instruction given by the trial court clearly did not conform with the charge contained in the indictment. The indictment charged the appellant himself with having sexual contact with Nicole Smith. Under the instruction, if the jury found that the appellant's son, Robert P.Barney, Jr., and Nicole Smith had sexual contact, then the appellant would be guilty. This is not what the appellant was charged with and is clearly an erroneous instruction.
The State argues that the indictment charged the appellant with violating R.C. 2907.05(A)(4) which read in its entirety provides alternative bases for sustaining a charge of gross sexual imposition. R.C. 2907.05(A)(4) provides in its entirety as follows.
 (A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
* * *
 (4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.
While it is true that under this statute, a person could be guilty of gross sexual imposition by "causing two or more other persons to have sexual contact," this argument fails for two reasons. First, that is not what the appellant was charged with. Felony defendants are guaranteed the right to an indictment setting forth the "nature and cause of the accusation" under Section 10, Article I of the Ohio Constitution. The Supreme Court of Ohio has noted that "the purpose of an indictment is twofold." State v. Sellards (1985), 17 Ohio St.3d 169, 170. First, the indictment affords the accused with notice and an opportunity to defend against the allegations contained in the indictment. Id. Second, by identifying and defining the offense, the indictment enables an accused to defend against any future prosecutions for the same offense. Id.;State v. Harrold (Oct. 31, 2000), Seneca App. No. 13-2000-02, unreported.
The indictment in this matter charged the appellant with gross sexual imposition under R.C. 2907.05(A)(4) and alleged that the appellanthimself had sexual contact with Nicole Smith. This is the allegation the appellant was notified of and defended against. Then at the conclusion of the evidence, without prior notice to anyone, the trial court instructed the jury that if they found that the appellant's son and Nicole Smith had sexual contact that they could find the appellant guilty. This basis for guilt is contrary to the allegations contained in the indictment and the appellant was denied notice and the opportunity to defend himself against these allegations. The instruction given by the trial court was clearly erroneous and prejudicial to the appellant.
Second, even if the indictment had properly charged the appellant with gross sexual imposition under the alternative basis of guilty (i.e. causing two or more other persons to have sexual contact), the jury instruction given by the trial court was still erroneous. The court instructed the jury that if they found that Robert P. Barney, Jr. and Nicole Smith had sexual contact then they could find the appellant guilty. There was no mention of causation as required under this alternative. The proper jury instruction under this theory would require the jury to find beyond a reasonable doubt that the appellant caused two or more other persons to have sexual contact.
The jury instruction given by the trial court as to Count Three of the Indictment, gross sexual imposition, was clearly erroneous and constitutes plain error. There was no evidence presented at trial that the appellant himself had sexual contact with the victim. The only evidence was that the appellant's son, Robert P. Barney, Jr., touched the victim's breast while the appellant was videotaping them. Had the jury been instructed properly, the outcome of the trial, as to the charge of gross sexual imposition, clearly would have been otherwise.
Accordingly, the appellant's first assignment of error is well taken. The guilty verdict returned by the jury on Count Three of the Indictment, gross sexual imposition, is hereby reversed and remanded to the trial court for a new trial on this charge alone.
 Assignment of Error Number 2
The trial court erred under Evid.R. 601(A) in permitting Robert P. Barney, Jr. age six, to testify, because his voir dire testimony shows he is not competent, and also because the court failed to inquire as to the child's ability to receive just impressions of the facts and relate them truly.
The appellant contends in his second assignment of error that Robert P. Barney, Jr., age six, was incompetent to testify. Specifically, the appellant argues that Robert failed to demonstrate the ability to receive and relate just impressions. For the following reasons, we disagree.
Evid.R 601 provides that "every person is competent to be a witness except: (A) * * * children under ten (10) years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly * * *." It is the duty of the trial judge to conduct a voir dire examination of a child under ten years of age to determine the child's competency to testify. State v. Frazier (1991), 61 Ohio St.3d 247. Such determination of competency is within the sound discretion of the trial judge who has the opportunity to observe the child's appearance, his or her manner of responding to the questions, general demeanor and any indicia of ability to relate the facts accurately and truthfully. Id. at 251. Thus, the responsibility of the trial judge is to determine through questioning whether the child of tender years is capable of receiving just impressions of facts and events and to accurately relate them. Id.; see, also, State v. Wilson (1952), 156 Ohio St. 525.
In determining whether a child under ten is competent to testify, the trial court must take into consideration (1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful.Frazier, 61 Ohio St.3d at 251; State v. Kirk (1987), 42 Ohio App.3d 93 . These factors form a backdrop against which a reviewing court evaluates whether the trial judge's determination was an abuse of discretion.Schulte v. Schulte (1994), 71 Ohio St.3d 41.
The trial court conducted a voir dire examination of Robert. At the conclusion of the questioning, the court found that Robert could recollect his impression and observations that occurred regarding the incident in question and that he could communicate what was observed. Further the court found that the child understood falsity and appreciates his responsibility to be truthful. The appellant is now challenging the court's finding that the child could receive just impressions and relate them truthfully.
A review of the competency hearing transcript in this case leads us to the conclusion that the trial judge did not abuse his discretion in finding Robert competent to testify. The appellant's main contention with the child's voir dire testimony was that the child did not know what day of the week it was or how many days were in the month of June. While the child may have not known the days of the week, he clearly demonstrated that he knew where he lived, both now and at the time of the incident, where he attended school and the name of his teacher, why he was at court and the difference between the truth and a lie.
While the child did appear confused when questioned about things obviously beyond his comprehension, specifically the days of the week, when asked about things in his realm of knowledge, the child had no problem receiving and relating just impressions. Accordingly, we find that the witness was competent to testify and the trial court did not abuse its discretion in so finding. The appellant's second assignment of error is not well taken.
 Assignment of Error Number 3
The trial court erred in ruling on the appellant's Criminal Rule 29 motion at close of State's case, and should have granted said motion as it related to Count 3 of the indictment.
In his third assignment of error, the appellant contends that the trial court erred in denying his motion of acquittal as it related to the charge of gross sexual imposition. Given this Court's previous finding reversing the guilty verdict on the charge of gross sexual imposition, this issue is rendered moot. (See Assignment of Error Number 1).
 Assignment of Error Number 4
The jury verdict was against the manifest weigh [sic] of the evidence on each count of the indictment.
In his fourth assignment of error, the appellant contends that the guilty verdicts returned by the jury were against the manifest weight of the evidence. For the following reasons, we disagree.
In determining whether a verdict is against the manifest weight of the evidence, a court of appeals must review the entire record, weigh the evidence and all reasonable inferences and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins (1997),78 Ohio St.3d 380, 386. Weight of the evidence concerns the "inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." Id. A court of appeals reversing the judgment of the trial court on the basis of the weight of the evidence acts as a thirteenth juror who rejects the factfinder's resolution of the conflicting testimony. Id. at 387, citingTibbs v. Florida (1982), 457 U.S. 31. Appellate courts reverse on the ground of manifest weight only in exceptional cases "where the evidence weighs heavily against the conviction." State v. Mendoza (March 31, 2000), Hancock App. No. 5-99-46, unreported; citing Thompkins,78 Ohio St.3d at 389.
Other than the charge of gross sexual imposition discussed above, the appellant was found guilty of two counts of illegal use of minor in nudity-oriented material, one count of disseminating matter harmful to a juvenile, and one count of endangering children. The evidence in this matter reveals that the appellant videotaped a thirteen year-old girl exposing her breasts and rubbing a beer between her legs. The appellant's five-year old son was also on the videotape touching the girl's breasts. There is clearly evidence to support the verdicts in this matter and it cannot be said that the jury's verdict created a manifest miscarriage of justice.
Accordingly, the appellant's fourth assignment of error is overruled.
 Assignment of Error Number 5
The trial court erred in denying the defense's motion to suppress evidence on the basis that the defendant was a mentally challenged individual, who was not advised of his rights, the risks of compliance with the police requests for entry to his home and seizure of tapes.
In his fifth assignment of error, the appellant contends that the trial court erred in denying his motion to suppress. The appellant claims that given his low intelligence his actions of turning the tapes over to the police could not be considered voluntary. For the following reasons, we disagree.
In a motion to suppress, the trial court assumes the role of trier of fact, and, as such, is in the best position to resolve questions of fact and evaluate witness credibility. State v. Mills (1992),62 Ohio St.3d 357, 366. Therefore, upon review of a suppression ruling, an appellate court is bound to accept the trial court's findings if they are supported by competent, credible evidence. State v. Brooks (1996),75 Ohio St.3d 148, 154. Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard. Id.; Ornelas v. United States (1996), 517 U.S. 690. That is, the application of the law to the trial court's findings of fact is subject to a de novo standard of review. State v. Harris (1994),98 Ohio App.3d 543, 546; State v. Norman (1999), 136 Ohio App.3d 46.
The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution secure the right to be free from unreasonable searches and seizures and require warrants to be particular and supported by probable cause. A warrantless search or seizure effected on premises in which an individual has a reasonable expectation of privacy is per se unreasonable unless it falls within one of the few recognized exceptions to the warrant requirement. Payton v. New York
(1980), 445 U.S. 573, 586-587. When a warrantless search has been conducted, the state bears the burden of establishing that the search falls within one of the exceptions to the warrant requirement. Coolidgev. New Hampshire (1971), 403 U.S. 443; State v. Kessler (1978),53 Ohio St.2d 204.
One of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to voluntary consent. Schneckloth v. Bustamonte (1973), 412 U.S. 218,219. The voluntariness of consent is a question of fact to be determined from the totality of the circumstances, with the government having the burden of showing by clear and positive evidence that the consent was freely and voluntarily given. State v. Posey (1988), 40 Ohio St.3d 420,427.
An evidentiary hearing was held in this matter and the evidence revealed that two detectives went to the appellant's home to investigate a complaint that had been levied against him. The detectives informed the appellant it had been alleged that he had videotaped a naked juvenile. The appellant denied these allegations and turned over several videotapes to the detectives. The appellant was informed that he did not have to turn over the tapes, but he nevertheless cooperated with the detectives and voluntarily turned over the tapes. There is no evidence that coercive tactics were employed by the detectives. The appellant argues that given his low intelligence level his actions could not be considered voluntarily. However, there is nothing in the record to indicate that the appellant did not fully understand what he was doing or that he was not acting knowingly and intelligently when he turned over the tapes to the police.
As the appellant voluntarily presented the evidence to the police, the trial court correctly denied the appellant's motion to suppress. Accordingly, the appellant's fifth assignment of error is not well taken and is overruled.
Having found error prejudicial to the appellant herein we reverse the judgment of the trial court as it pertains to the guilty verdict on the charge of gross sexual imposition and remand the matter to the trial court for a new trial. The verdict of the trial court is affirmed with respect to the other four charges.
Judgment affirmed in part, and reversed in part.
 _______________ HADLEY, J.
 SHAW and BRYANT, JJ., concur.