JOURNAL ENTRY and OPINION.
 I. {¶ 1} The matter before this court is the second appeal brought by defendant-appellant Thomas J. Kaiser ("Kaiser") in the divorce action initiated by his wife, plaintiff-appellee Christina M. Kaiser, ("Ms. Kaiser") in 1998. In the first appeal, this court reversed in part the trial court's judgment and remanded the case to the trial court. The trial court's second judgment entry is the subject of this appeal. For the reasons set forth below, we affirm in part, reverse in part and remand.
 II. {¶ 2} As explained in the first appeal, the trial court's original judgment entry, issued in August 2000, granted the divorce, "adopted an agreed parenting order, divided the couple's marital property, and mandated that [Kaiser] pay $1,393.46 in child support, $2,000 in spousal support and half of the private school tuition of the Kaisers' children."Kaiser v. Kaiser (Dec. 6, 2001), Cuyahoga App. No. 78550 at 1 ("KaiserI").
 {¶ 3} In the first appeal, this court agreed with Kaiser that the "decision to allocate half of the children's private school tuition to each spouse, which is neither ordered by statute nor supported by the record, must be reversed." Kaiser I at 13. Further, this court held that the trial court erred in awarding spousal support without making the statutorily required findings in R.C. 3105.18(C)(1). This court remanded the matter to the trial court for proceedings consistent with this court's opinion.
 {¶ 4} Upon remand, the trial court issued a new judgment entry on April 1, 2002, which is the basis for the current appeal. The judgment entry will be discussed more fully below in our discussion of the assignments of error.
 III. {¶ 5} Assignment of Error No. I: "The Trial Court Erred By Refusing A New Trial On Remand And By Reinstating The Same Spousal Support Award Previously Rejected By The Court Of Appeals."
 {¶ 6} Assignment of Error No. II: "The Trial Court Erred By Ordering `Permanent' Spousal Support Retroactively."
 {¶ 7} Assignment of Error No. III: "The Trial Court Committed A Gross Abuse Of Discretion By Entering A Support Order Which Leaves Husband $27.18 Per Month From Net Income."
 {¶ 8} Assignment of Error No. IV: "A Spousal Support Order Which Does Not Reference The Factors Upon Which It Is Based In Sufficient Detail To Facilitate Appellate Review Does Not Satisfy O.R.C. § 3105.18
And Will Not Stand."
 {¶ 9} We will handle assignments one, two, three and four together since they all deal with the issue of spousal support. We note that while Kaiser raises the issue of the court's alleged failure to grant a new trial in assignment of error number one, he did not argue that position and we therefore will not reach that issue. App.R. 12(A)(2) and 16(A)(7).
A. Standard of Review
 {¶ 10} In reviewing the trial court's judgment entry, this court applies an abuse of discretion standard. As this court stated in KaiserI: "A reviewing court will not conduct an item-by-item review of a judge's determinations or interfere with his broad discretion to equitably divide marital property upon a divorce unless, viewing the totality of the circumstances, a judge abused that discretion. [Citation omitted.] `An abuse of discretion implies that the court's attitude was unreasonable, arbitrary or unconscionable. [Citation omitted.] * * * But, when applying an abuse of discretion standard, a reviewing court may not substitute its judgment for that of the judge and must be guided by a presumption that the findings are correct.' [Citation omitted.] In order for there to be an abuse of discretion, `the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather passion or bias. * * *.'"
 B. {¶ 11} In the first appeal, this court held that the trial court's failure to articulate in any detail the reasons for the spousal support award left this court "in no position to review which factors or facts were given weight in reaching the spousal support amount[.]" Kaiser I at 16. Upon remand, the court attempted to remedy the errors in the first journal entry by making findings pursuant to R.C. 3105.18(C)(1).
 {¶ 12} Upon a review of the new judgment entry and upon consideration of the findings made by the trial court therein, we hold that the trial court once again abused its discretion, despite its statement that it "considered all of the statutory factors[.]" Judgment Entry, Apr. 1, 2002.
 {¶ 13} First, the court made no finding as to the "contribution of each party to the education, training, or earning ability of the other party." R.C. 3105.18(C)(1)(j).
 {¶ 14} Further, upon consideration of "the relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties[,]" R.C. 3105.18(C)(1)(i), the trial court mentioned the marital residence and its mortgage payment of $1,200. The court then listed the payments Kaiser was ordered to pay under the trial court's previous judgment entry. Those payments, however, were reversed by this court because they were not supported by specific findings. The trial court, then, attempted to use the previously-ordered payments as "findings" to support its new imposition of the very same payments. The trial court in effect said, "In support of my new order to pay $2,000 a month in spousal support, I find that I previously ordered Kaiser to pay $2,000 a month in spousal support."
 {¶ 15} As we referenced in Kaiser I, "[i]n allocating property between the parties to a divorce and in making an award of sustenance alimony, the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." Kaechele v. Kaechele
(1988), 35 Ohio St.3d 93, paragraph two of the syllabus. Here, the trial court not only failed to make all required findings in sufficient detail, but also abused its discretion in using its previously-ordered payments as findings in support of its new judgment entry. This court remanded the matter so that the trial court could provide reasons for its award. Instead, the trial court used its previous award as reasons in support of its latest judgment entry. We therefore reverse the trial court's April 1, 2002 judgment entry and remand with instructions to make findings pursuant to R.C. 3105.18(C)(1). The trial court is further instructed that its previous awards are not to be considered as factors in support of a future award.
 {¶ 16} We further note finally that the trial court's new judgment entry does not in fact include an explicit spousal support award. We make no comment on Kaiser's argument that the court awarded permanent support retroactively other than to say that the judgment entry is not clearly written. On remand, the court is instructed to include a specific award. Finally, we note that this court's statement that a "$2,000 monthly spousal support obligation, considering the totality of the circumstances, is unduly burdensome and unconscionable" is dicta, since our holding reversed the award and remanded the matter for the purposes of allowing the trial court to reconsider the amount of spousal support and to articulate reasons for the award. Without a full and detailed articulation of the factors pursuant to R.C. 3105.18(C)(1), we make no comment on the proper amount of the award.
 IV. {¶ 17} Assignment of Error No. V: "Deviation From The Standard Child Support Guidelines By Ordering The Payment Of Private School Tuition Is Not Permitted Where No Evidence Is Taken Concerning The Best Interests Of The Children."
 {¶ 18} Kaiser argues that the April 1, 2002 judgment entry is unclear as to whether the trial court reinstated its previous order requiring him to help pay for his children's private school tuition. We find merit in his argument.
 {¶ 19} In the April 1, 2002 judgment entry, the trial court stated, "The court finds that the children had always attended parochial schools. One may conclude that there was an implicit understanding that this was in the children's best interest. The Appellate Court reversed tuition allocation as there is no specific finding that it was in the children's best interests and not ordered by a statute. The court finds that this is a difficult case because of [Kaiser's] choice to embark on government employment at significantly less income."
 {¶ 20} In the previous appeal, this court reversed the trial court's tuition support payment and stated explicitly that "there was no evidence of an implicit understanding that the children were all to attend private schools." Kaiser I at 13. The court below therefore erred in finding such an "implicit understanding" in its April 1, 2002 judgment entry. Upon remand, the trial court is instructed to clarify the judgment consistent with this opinion.
 V. {¶ 21} Assignment of Error No. VI: "O.R.C. § 3119.022 Requires That Spousal Support Be Included In The Recipient's Gross Income And Excluded From The Obligor's When Calculating Child Support."
 {¶ 22} Kaiser here argues that the trial court did not follow the requirements of R.C. 3119.022, which became effective March 22, 2001, when issuing its judgment entry on April 1, 2002. R.C. 3119.022 requires the trial court to include spousal support when calculating the child support award. The court's failure to include the spousal award, argues Kaiser, resulted in an improperly high child support award.
 {¶ 23} Ms. Kaiser counters that the trial court proceedings took place prior to the effective date of R.C. 3119.022 and that the statute is therefore inapplicable. Ms. Kaiser maintains that the trial court correctly made the calculations pursuant to the statute in effect at the time of the court proceedings, R.C. 3113.215.
 {¶ 24} The question, therefore, is whether R.C. 3119.022, which became effective on March 22, 2001, should have been applied by the trial court to its April 1, 2002 order or whether the trial court properly applied R.C. 3313.215.
 {¶ 25} We hold that the trial court correctly applied R.C. 3113.215, which was in effect at the time Ms. Kaiser filed her complaint for divorce. Kaiser essentially urges this court to apply R.C. 3119.022
retroactively to this case, which was filed before the effective date of R.C. 3119.022. A statute, however, is to be applied prospectively unless the General Assembly intended for it to apply retroactively. There is no language in R.C. 3119.022 that suggests that the General Assembly intended it to be applied retroactively. See Schulte v. Schulte (1994),71 Ohio St.3d 41, 44-45.
 {¶ 26} This assignment is not well taken.
 VI. {¶ 27} We therefore reverse in part the trial court's April 1, 2002 judgment entry and remand for proceedings consistent with this opinion. Specifically, we reverse the trial court's new spousal support award. The trial court is instructed to make detailed findings pursuant to R.C. 3105.18(C)(1). The court is further instructed that its previous awards are not to be considered 3105.18(C)(1) factors or findings. The court must also make a specific spousal support award. Finally, the trial court is instructed to clarify its judgment regarding the private school tuition and, in doing so, follow this court's previous holding, that the parents had not reached an "implicit understanding" as to the private school education of their children.
Affirmed in part, reversed in part and remanded.
COLLEEN CONWAY COONEY, J., CONCURS.
 TIMOTHY E. McMONAGLE, A.J., concurs in part and dissents in part withseparate concurring dissenting opinion.